## No. 7721.

W. F. Chase et al. vs. J. A. Bell, Sheriff, et al.

When a sheriff is called on by rule to pay over the proceeds of a sale under a writ of *fi. fa.*: to the plaintiff in the writ, and prior attaching creditors are made parties to the rule, he cannot set up superior privileges in favor of such attaching creditors, who do not make such claim for themselves.

APPEAL from the Seventeenth Judicial District Court, parish of Red. River. *Pierson, J.*

J. F. Pierson for plaintiffs and appellants :

First—The defense is purely technical and confined to two grounds, first,. ·jurisdiction *ratione materiæ*, and, second, want of the necessary parties. We submit that the court had jurisdiction *ratione materiæ*.. Rev. Stats. of 1870, sec. 2903 ; 28 An. 585 ; 29 An. 315, 320 ; 31 An.. 375.

Second—It was the duty of the sheriff to pay over these proceeds to· these plaintiffs to an amount sufficient to satisfy their judgments. He refused to pay them over, because there were attachment suits. pending in court under which the property was first seized. These attaching creditors have no privilege until after judgments have· been obtained in such suits. 20 An. 346, and authorities there cited. It is the duty of the sheriff to pay over the proceeds of property sold by him under execution to the parties shown to be entitled to· them by the certificate of mortgage and the writs in his hands. 15· An. 513 ; 9 An. 509 ; C. P. 766.

Defendants not represented.

The opinion of the court was delivered by ·

Manning, C. J. The commercial firm of Lisso & Scheen being indebted to their book-keeper and salesmen in different sums, these parties: in separate suits obtained judgment against the firm with recognition of their privilege upon the stock and commercial assets.. Their claims had· been recorded. Writs of *fi. fa.* were issued, and the sheriff executed them by selling a lot of merchandize which realized $3075. The sum total of the judgments in principal was $1154 33, to which must be· added interest and costs. The sheriff refused to pay over to the plain-. tiffs in judgment so much of the proceeds of sale as would satisfy the writs of *fi. fa.*, and they therefore took out rules upon him to compel him to pay over, and made certain prior attaching creditors parties defendant.

The sheriff's refusal was based upon the fact that he had first seized the property under three writs of attachment, sued out subsequent to

NEW ORLEANS, MARCH, 1880.                461

Chase et al. vs. Bell, Sheriff, et al.

the registry of the salesmen and book-keeper's privileges, and that the attachment suits are undecided. Not one of the attaching creditors in any manner contests the claims of the plaintiffs, or denies the existence of their privileges. Neither they nor the sheriff, who are defendants in this suit, have deemed their defence worthy of a brief for the use of this court.

Where a sheriff is called on to pay over the proceeds of a sale under *fi. fa.* to the plaintiff in the writ, and prior attaching creditors are made parties to the rule, he cannot set up superior privileges on the fund in favor of third persons who do not make such claim for themselves. Lynch v. Leckie, 9 Ann. 506. If the prior attaching creditors supposed they had a lien superior to that of the employees of the firm, and meant to claim it, they should and no doubt would, when made parties to the rule, have contested the rank of the liens, and have thus provoked an adjudication upon them. Certainly the sheriff cannot of his own motion retain a fund in his hands on the plea that others are interested in its distribution, when the parties supposed or alleged to be interested do not contest the priority in rank of the claimants nor the existence of their claims.

It is ordered and decreed that the judgment of the lower court is avoided and reversed, and that there be now judgment in favor of each one of the several plaintiffs against the sheriff, ordering and directing him to pay to each of them the amount of his judgment, principal, interest, and costs, out of the fund produced by the sale under their writs of *fieri facias*, and that they also recover of him the costs of this appeal and of the lower court.